YOUNG, J.
(concurring). I fully concur with the majority opinion. I write separately, however, in response to the dissent’s contrary assertion, to emphasize that the majority opinion does not suggest that John Kingsley’s motivations are dispositive of the village’s motivations. The majority opinion merely provides a complete recitation of the background information for the purpose of providing a full understanding of the transaction. Because he is a third party who enjoys no cognizable interest in the property burdened by the easement, Kingsley’s purposes in proposing, initiating, designing, or financing the improvements to the easement are absolutely irrelevant in determining whether the easement holder may lawfully make the proposed developments to the easement.
Thus, as a threshold matter, the easement holder must assert that the proposed improvements to the easement are within the scope of the easement. Secondly, the developments to the easement must be objectively congruent with the purpose permitted in the easement. In this case, the scope of the easement is to “improv[e] Dan Hoey Road . .. .” The village does not *52 maintain that the purpose behind the proposed developments is to “improve Dan Hoey Road.” Because the village failed to make the initial showing that the developments were initiated for the purpose of improving Dan Hoey Road, there is no basis to conclude that the desired developments are objectively within the scope of the easement. Thus, the proposed developments are outside the scope of the easement as a matter of law.